CLOSED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
JAMES BRENT THOMAS, SR.,            :          Civil No. 09-3138 (NLH)
                                    :
            Petitioner,             :
                                    :
      v.                            :          **<u>MEMORANDUM & ORDER</u>**
                                    :
STATE OF NEW JERSEY,                :
                                    :
            Respondents.            :
_____:

IT APPEARING THAT:

1.  On June 8, 2009, Petitioner, who was then confined at Cumberland County Jail in

Brideton, New Jersey, executed a § 2254 petition (using a 1985 version form) challenging an

order entered on or before May 13, 2009, in the Lawrance Township Municipal Court, Cedarville,

New Jersey, and imposing an "indeterminate" sentence for contempt.  (Docket entry #1 at p. 1.)

The Petition indicates that Petitioner appealed to the Appellate Court which denied relief on May

8, 2009.  The Petition presents one ground:

>        Ground One: EXCUSABLE NEGLECT, INADVERTENCE.
>
>        Supporting Facts: The Municipal Court Judge, David Krell, after
>        receiving defendant's motion for vacation of contempt order and
>        letter brief in support thereof (see Exhibit "D"), denied defendant's
>        request, when it was clear on its face that he had been lawfully
>        excused from appearing until he had received a court order as
>        directed from the federal court.

(Docket entry #1 at p. 4.)

2.  Attached to the Petition is a handwritten document entitled "EMERGENT EX PARTE

MOTION FOR RELEASE OF STATE PRISONER PENDING REVIEW OF DECISION

ORDERING RELEASE PURSUANT TO RULE 23 USC § 814(b) and (c)."  In this document,

Petitioner seeks an order releasing him from detention pursuant to Rule 23 of the Federal Rules of

Appellate Procedure

> on the grounds that equity and justice require this defendant be release[d] to prepare and participate in an effective way, in his hearing for judicial relief in this and any other matter currently before this Honorable Court.
>
> Unless this motion is granted, defendant will suffer immediate and irreparable loss, damage or injury as a result of the action of the plaintiff by taking him to trial on June 10, 2009, on the charges complained of; and will effectively deny defendant access to the court, whereby the court can rectify a manifest injustice.

(Docket entry #1-1 at pp. 1-2.)

    3.  Petitioner submitted the aforesaid Petition and motion to the United States Court of

Appeals for the Third Circuit.  The Clerk of that Court docketed the Petition and Motion on June

25, 2009, in In re: James Brent Thomas, Sr., C.A. No. 09-2771 (3d Cir. filed June 25, 2009).  On

the same day, the Clerk entered an order transferring the Petition to this Court pursuant to Fed. R.

App. 22(a).

    4.  The Clerk of this Court filed the Petition on June 29, 2009.

    5.  On July 7, 2009, mail sent by the Clerk of this Court to Petitioner at Cumberland

County Jail, the address he provided on his submissions, was returned as undeliverable.  (Docket

entry #2.)

    6.  On July 8, 2009, the Clerk received a letter from Petitioner dated July 6, 2009.[1]

(Docket entry #3.)  Petitioner states that he seeks release pending review of the Petition because

"equity and justice require judicial intervention to prevent or rectify this manifest injustice from

---

[1] The return address is not entirely legible but may be Atlantic County Justice Facility. Petitioner did not file a notice of change of address.

2

being imputed upon this movant." (Id. at p. 1.)  Petitioner explains that on December 19, 2008,

he was arrested and charged with a series of indictable offenses, he was arraigned on February 23,

2009, he was subsequently released, and he was arrested again on June 11, 2009.  "As of this date

the defendant has served (25) twenty-five days in the Atlantic County Jail without the benefit of

bail." (Id. at p. 2.)  Petitioner argues that "the N.J. Superior Court has failed to follow its own

procedural safeguards by affording the defendant the constitutional benefit of bail in the first

instance . . . . [W]ithout federal intervention to ensure that the state's action is aligned with the

federal constitution, this and all defendants in N.J. may find themselves subject to punishment,

without their right, privilege and guarantee to procedural and substantive due process." (Id. at p.

3.)  Petitioner asks this Court to release him on his own recognizance.  (Id.)  Attached to this letter

is a copy of a New Jersey Superior Court order for bench warrant and bail forfeiture in State v.

Thomas, Ind/Acc/CO 09-01-00147-B order (N.J. Super. Ct., Law Div., Atlantic Vicinage, Feb.

23, 2009).  The order specifies that Petitioner was charged with burglary, criminal mischief and

theft by unlawful taking and that he failed to appear on February 23, 2009, before the Honorable

Judge Isman for an arraignment conference; the order commands the Sheriff or other authorized

person to arrest and remand to custody James B. Thomas and bring him before the Superior

Court, Atlantic County.  (Id. at p. 7.)

    7.  Local Civil Rule 81.2(a) requires a pro se § 2254 petition to be on the current § 2254

form supplied by the Clerk.

    8.  The Habeas Rules require a § 2254 petition to specify the judgment being challenged,

specify the federal grounds for relief available to the petitioner, state the facts supporting each

ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty

of perjury by the petitioner or an authorized person, and to substantially follow the form appended to the rules.  See 28 U.S.C. § 2254 Rule 2(c) & (d).  The Habeas Rules further require the petition to name as respondent the warden having custody of the petitioner.  See 28 U.S.C. § 2254 Rule 2(a).

9.  Federal law permits a prisoner "in custody" pursuant to the judgment of a State court who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States, to file one Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in a district court challenging the judgment.  The petition must include all federal grounds available to Petitioner because, absent the approval of the Court of Appeals, a second or successive petition is not permitted.  See 28 U.S.C. § 2244(b).  Except in extremely limited circumstances, federal law requires the one all-inclusive petition to be filed within one year of the date on which the challenged judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1) & (2).   A district court lacks jurisdiction over a habeas corpus petition unless the petitioner is "in custody" pursuant to the judgment being challenged at the time he filed the petition.  See  28 U.S.C. § 2254(a); Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Garlotte v. Fordice, 515 U.S. 39 (1995); Maleng v. Cook, 490 U.S. 488 (1989).

10.  A district court may not grant a writ of habeas corpus to a person in custody pursuant to a state judgment unless the petitioner has exhausted the remedies available in the courts of the State or, in extremely limited circumstances, exhaustion is excused by 28 U.S.C. § 2254(b)(1)(B). See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The Exhaustion Doctrine requires a petitioner challenging custody pursuant

4

to a New Jersey judgment of conviction to fairly present the factual and legal basis of every federal ground to all three levels of the New Jersey courts (the Law Division and the Appellate Division of the Superior Court of New Jersey, and the New Jersey Supreme Court) before raising those grounds in federal court.[2] See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

11.   The Petition filed by Petitioner is deficient for the following reasons:

(a) The Petition is not on the current form provided by the Clerk, as required by Local Civil Rule 81.2(a);

(b) The Petition does not name the warden having custody of Petitioner as respondent, as required by 28 U.S.C. § 2254 Rule 2(c);

(c) The one ground presented in the Petition does not assert that Petitioner's custody violates the Constitution, laws or treaties of the United States, as required by 28 U.S.C. § 2254(a);

(d) The Petition does not show that the federal ground(s) were exhausted before all three levels of the New Jersey courts.

Based on the foregoing,

IT IS on this _____9th_____ day of _____December_____, 2009,

---

[2] "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . . (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. at 273. The Supreme Court imposed "a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." Rhines, 544 U.S. at 274.

ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE to the filing of a new petition in a new civil action which cures the aforesaid deficiencies; and it is further

ORDERED that the Clerk shall forward to Petitioner a current § 2254 form petition which shall be used by Petitioner in the event he files a new petition; and it is further

ORDERED that the Clerk shall administratively terminate this action and shall serve this Order, together with the current § 2254 form petition, upon Petitioner at the following address: James Brent Thomas, Sr., #175602, Atlantic County Justice Facility, 5060 Atlantic Avenue, Mays Landing, NJ 08330.


    /s/ NOEL L. HILLMAN
**NOEL L. HILLMAN, U.S.D.J.**

At Camden, New Jersey